UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>   v.<br><br>TRAUSE GLADNEY,<br><br>           Defendant. | NO. CR-05-6009-LRS<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. §3582(c)** |

BEFORE THE COURT is Defendant's Motion for Reduction in Sentence Pursuant to 18 U.S.C. §3582(c), **Ct. Rec. 80**, filed April 8, 2008 and noted without oral argument. Defendant Gladney is represented by Tracy Staab.

On June 30, 2006, Defendant was sentenced to 57 months for an offense related to cocaine base. At sentencing, Defendant's adjusted offense level under USSG 2D1.1 was 23 and his criminal history category was III for a guideline range of 57 to 71 months. Defendant was given a sentence at the bottom of the sentencing range, 57 months. On November 1, 2007, USSG §2D1.1 was amended to generally reduce the base offense level for crack cocaine offenses by two levels and was made retroactive, effective March 3, 2008.

ORDER GRANTING MOTION FOR CONTINUANCE . . . - 1

Defendant is currently serving this sentence with an anticipated release date of February 10, 2010. Defendant argues that under the amended guidelines, his new offense level is 21 and his new guideline range is 46 to 57 months. Defendant argues his equivalent sentence under the amended guidelines would be 46 months, or a reduction of 11 months. Finally, Defendant indicates in his declaration, Ct. Rec. 78-2, that he has a right to a re-sentencing and to be present at such a hearing.

The government, represented by Robert Ellis, acknowledges the Court has discretion to reduce Defendant's sentence to 46 months. The government, however, argues that such reduction is not appropriate. It is the further position of the government that the Court may decide the issue presented without need for further hearing.

The Court has reviewed the file and briefs related to Defendant's motion. The Court agrees with Defendant that he is entitled to a recalculation pursuant to USSG §2D1.1 and that his sentencing range, post-amendment, is 46 to 57 months. The Court agrees with the government that the instant motion can be decided without the need for further hearing. The Court, however, exercises its discretion pursuant to 18 U.S.C. § 3582(c)(2) to decline to reduce Defendant's sentence in light of Defendant's conviction in the District of Oregon on February 11, 2008, case number CR-07-287-01-KI for possession of contraband (marijuana) in prison. Finally, the Court finds that its original sentence of 57 months is, albeit at the upper end, within the new post-amendment guideline range.

**IT IS HEREBY ORDERED that** Defendant's Motion for Reduction in Sentence Pursuant to 18 U.S.C. §3582(c), **Ct. Rec. 80**, filed April 8, 2008, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to all counsel and the U.S. Probation Office.

**DATED** this ___13th___ day of May, 2008.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR CONTINUANCE . . . - 3